**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**HENRY MARTIN,**
    **Plaintiff,**

v.                                                Case No. 5:12cv3/RS/CJK

**MICHAEL J. ASTRUE,
Commissioner of Social Security,**
    **Defendant.**

## REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b), and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.1(A) and 72.3.  The case is now before the court on plaintiff's petition for writ of mandamus (doc. 1-16), filed pursuant to 28 U.S.C. § 1361, and defendant's motion to dismiss (doc. 8).

After careful consideration, the Court concludes that defendant's motion should be granted and this case dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 8, 2009, Henry Martin (who will be referred to by name or as plaintiff) filed an application for disability insurance benefits.  (Doc. 1-1, p. 1).  He alleged disability beginning April 1, 2008.  (Doc. 1-2, p. 3).  On March 16, 2010, plaintiff was determined to be disabled within the meaning of the Social Security Act. (Doc. 1-2, p. 2).  The Social Security Administration ("SSA") selected an onset date of September 2009.  (Doc. 1-2, p. 3).  Plaintiff appealed this onset date by filing a

Request for Reconsideration, and on May 22, 2010, plaintiff was instead found disabled as of July 1, 2008. (Doc. 1-3, p. 2; Doc. 1-4, p. 3). Before the SSA amended his onset date, plaintiff received a Notice of Award dated April 13, 2010, stating that he was entitled to benefits beginning October 2009. (Doc. 1-5, p. 1).

Plaintiff now brings a petition for writ of mandamus ("petition"), and asserts that between June 29 and July 14 2010, his attorney called the SSA three times to inquire about the receipt of retroactive payments allegedly due beginning July 1, 2008 (as opposed to October 2009). (Doc. 1-16, pp. 3-4). According to plaintiff, almost one year passed before he made contact with the SSA again. (Doc. 1-16, p. 3). Plaintiff states that he called the Office of Central Operations in Baltimore on May 19, 2011, but "no adequate answer [to his inquiry] was given."[1] (Doc. 1-16, p. 3). Plaintiff then states that his attorney faxed a request to the local field office asking for a clarification of Mr. Martin's benefits, and no response was given. (Doc. 1-16, p. 3); (Doc. 1-7, p. 1). The last apparent communication initiated by plaintiff took place on October 21, 2011, when he asserts that his attorney contacted the Office of the Assistant Regional Counsel for help. (Doc. 1-16, p. 3); (Doc. 1-8, pp. 1-2). Though plaintiff did not note this, the SSA responded on October 27, 2011, stating that plaintiff's "request for assistance has been forwarded to our office in Atlanta." (Doc. 1-9, p. 1).

On December 7, 2011, plaintiff filed this petition for writ of mandamus, asking the court to compel the SSA to either calculate and process the retroactive payments, or explain why such benefits were not owed. (Doc. 1-16, p. 1). Plaintiff also requested attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 1-

---

[1] Aside from labeling the SSA's responses "inadequate," plaintiff has not indicated what the substance of any of the SSA's responses were.

*Case No: 5:12cv3/RS/CJK*

16, p. 4). On February 15, 2012, the SSA paid plaintiff $8,994.21, the amount due from the period spanning September 2008 to March 2010.[2] (Doc. 8-2, p. 1). The next day defendant filed a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), arguing that plaintiff is not owed a clear, nondiscretionary duty by the agency. (Doc. 8-1, p. 1).

## ANALYSIS

"Mandamus is available as a remedy to a plaintiff if (1) he has exhausted all other avenues [of] relief and (2) the defendant owes him a clear nondiscretionary duty." *Bethel v. Astrue*, No. 08-23007-CIV, 2009 WL 5173922 (S.D. Fla. Dec. 30, 2009) (*citing Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations, and the writ should issue only when the right to such relief is 'clear and indisputable.'" *Plekowski v. Ralston-Purina Co.*, 557 F.2d 1218, 1220 (5th Cir. 1977) (citations omitted). "A writ of mandamus will not be granted if alternative remedies are available." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259 (11th Cir. 2011) (citations omitted).

Though defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, there is a threshold inquiry of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The two-part mandamus test set out in *Ringer* determines whether jurisdiction is appropriate under 28 U.S.C.

---

[2] The Commissioner notes that, pursuant to 20 C.F.R. § 404.621, retroactive benefits can only be paid for the twelve months preceding the date claimant filed for disability benefits. (Doc. 8-1, p. 2). Because plaintiff applied on September 8, 2009, defendant asserts that plaintiff is only entitled to retroactive benefits beginning September, 2008, as opposed to the amended onset date of July 1, 2008. (Doc. 8-1, p. 2). Plaintiff does not challenge this argument.

§ 1361.  *Lifestar Ambulance Serv., Inc. v United States*, 365 F.3d 1293, 1294 (11th Cir. 2004).  "The existence of jurisdiction is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff."  *Pearson v. Walker*, No. 3:05cv320-RV-EMT, 2006 WL 2501570 (N.D. Fla. Aug. 28, 2006) (*citing Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987)).  Plaintiff bears the burden of establishing proper jurisdiction, and merely citing to the relevant statute does not accomplish this, particularly because the mandamus statute does not provide an independent ground for jurisdiction.  *Id.*

Plaintiff has not clearly defined the duty he claims he is owed, except to say that the SSA should be compelled to make the retroactive payments.  (Doc. 1-16, p. 4).  This argument, combined with the evidence plaintiff recites, suggests that plaintiff is dissatisfied with the amount of time it has taken for him to receive his retroactive payments.  (Doc. 1-16).  The SSA does not have a "clear and nondiscretionary" duty, however, to pay a claimant within the time frame that the claimant expects.  Plaintiff has provided no Eleventh Circuit case law to support an argument to the contrary, and has only cited non-binding precedent explaining that an agency should act within a reasonable amount of time to avoid undue delay.[3]

---

[3] As noted, plaintiff cites no Eleventh Circuit case law to support the argument that the SSA owes him a clear and nondiscretionary duty. (Doc. 9, pp. 2-4). Most of the cases plaintiff points to deal with class actions against the SSA for unreasonable time delays in setting a hearing date. The one case that addresses an unreasonable delay in receiving benefits, *Chagnon v. Schweiker*, is a 1982 class action from the District Court of Vermont, in which the court found that the SSA had unreasonably delayed by not paying claimants (determined to be eligible) their due benefits within a period spanning one year.  *Chagnon v. Schweiker*, 560 F. Supp. 71 (D. Vt. 1982).  Unlike the claimants in *Chagnon*, however, who faced undue hardship because they did not receive any due benefits at all within a certain time frame, in the present case plaintiff received his current benefits in a timely manner – the only alleged delay concerned retroactive payments.

(Doc. 9, pp. 2-4). In October 2011, the SSA told plaintiff that his request had been forwarded to the Atlanta office. It is true that over a year had passed since plaintiff's onset date had been amended, but the SSA had clearly undertaken to resolve the payment complication arising from the changed date of disability onset.

In any event, and as defendant points out, the issue is moot because the retroactive payments were made in February 2012. In the response, plaintiff now argues, in essence, a different issue than the one raised in the petition. Though plaintiff requested that the SSA "calculate and pay the *proper* amounts due from the appealed onset date of July 1, 2008, or explain why such benefits are not due and owed," plaintiff focused on obtaining retroactive benefits period, and not upon whether the amount of benefits paid was correct (the retroactive payments had not yet been made). (Doc. 1-16, p. 4) (emphasis added). In plaintiff's petition, the "evidence" he points to only addresses his effort to have the SSA pay his retroactive benefits beginning from the amended onset date of July 1, 2008. The SSA made those payments approximately two months after plaintiff filed the petition. Though plaintiff acknowledges this, in his response memoranda he maintains that a live controversy still exists by cursorily asserting that the amount he was retroactively paid is incorrect, due to an alleged miscalculation in the worker's compensation offset.[4] (Doc. 9, p. 4).

Plaintiff raised this issue in one paragraph with minimal detail about the

---

[4] Plaintiff filed two responsive documents. The first, noted as the "response memoranda," is plaintiff's response to defendant's motion to dismiss, which plaintiff filed on March 5, 2012. (Doc. 9, p. 7). The second, noted as the "reply brief," is plaintiff's response to defendant's "reply to plaintiff's response to defendant's motion to dismiss." The reply brief was filed on March 28, 2012. (Doc. 11, p. 3).

alleged error.  (Doc. 9, p. 4).  Though plaintiff later explains the argument in full in a reply brief, pursuant to NORTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1(c)(2), a party may not file a reply memoranda absent a showing of good cause and upon leave of the court.  This Court did not authorize plaintiff to file a reply brief, and as such the information therein cannot be considered.  *See also Mamone v. United States*, 559 F.3d 1209, 1210 n.1 (11th Cir. 2009) ("Normally, we will not address an argument raised for the first time in a reply brief.")

The issue plaintiff raised in the petition was essentially one of timing – he wanted retroactive benefits from a certain time period.  That issue is now moot because the benefits have been paid.  Though plaintiff attempts to make two distinct issues one and the same, he is now arguing that the *amount* of benefits (and not the time for which they should be paid) is incorrect.  This is different from the issue raised in the petition, and one for which plaintiff has not yet exhausted his administrative remedies.

Here, "Plaintiff cannot invoke the extraordinary remedy of mandamus because [he has] an alternative 'avenue of relief.'" *Lifestar Ambulance Serv., Inc. v United States*, 365 F.3d 1293, 1294 (11th Cir. 2004) (*citing Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 309 (1989)).  "Ordinarily mandamus may not be resorted to as a mode of review where a statutory method of appeal has been prescribed." *Id.* (*quoting Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28 (1943)).  In the "Notice of Award" explaining the amount of benefits plaintiff would receive, the SSA states the process by which a dissatisfied claimant may appeal the SSA's decision.  (Doc. 1-5, p. 3).  Under this process, a claimant can appeal within sixty days by filing a "Request for Reconsideration," form SSA-561-U2.  (Doc. 1-5, p. 3).  A claimant must have "good

reason" to wait more than sixty days in asking for an appeal. (Doc. 1-5, p. 3).

A statutory process exists to handle plaintiff's complaint of miscalculated benefits, and the attractiveness, or lack thereof, of the administrative process has no bearing on the dispositive issue, which only concerns whether administrative relief is available. *See Lifestar Ambulance*, 365 F.3d at 1296-97. If nothing else, administrative exhaustion allows for construction of a record suitable for judicial review. *See McKart v. United States*, 395 U.S. 185, 194 (1969) ("Judicial review may be hindered by the failure of the litigant to allow the agency to make a factual record, or to exercise its discretion or apply its expertise."); *see also Kobleur v. Group Hosp. and Med. Servs., Inc.*, 787 F. Supp. 1444, 1448 (S.D. Ga. 1991) ("Several policy considerations should inform a court's decision whether to impose a judicial exhaustion requirement in a given case. Among these are (1) judicial efficiency; (2) allowing the agency to exercise its discretion; (3) the use of the agency to make a factual record; (4) the benefit derived from drawing upon an agency's expertise; (5) the avoidance of weakening the administrative process by allowing people to ignore administrative procedures.") (citations omitted).

Accordingly, plaintiff has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and has not established subject matter jurisdiction under 28 U.S.C. § 1361. Plaintiff is also not entitled to attorney's fees under the EAJA.

It is therefore respectfully RECOMMENDED:

1. The petition for writ of mandamus (doc. 1) be DENIED.
2. The motion to dismiss (doc. 8) be GRANTED.

At Pensacola, Florida, this 24th day of July, 2012.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).